**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-------------------------------------------------------------------x
**RONALD LATTANZIO,**

     **Plaintiff,**         **1:25-cv-4027**

   **-against-**          **COMPLAINT**

**NEWREZ, LLLC dba SHELLPOINT MORTGAGE**
**SERVICING;**
**EQUIFAX INFORMATION SERVICES, LLC,**
**EXPERIAN INFORMATION SOLUTIONS, INC.,**
**and TRANS UNION, LLC,**

     **Defendants.**
-------------------------------------------------------------------x

   Plaintiff, RONALD LATTANZIO ("Plaintiff"), by and through his undersigned counsel, Mallon Consumer Law Group, PLLC, brings this action against Defendants NEWREZ, LLC dba SHELLPOINT MORTGAGE SERVICING ("Shellpoint"), EQUIFAX INFORMATION SERVICES, LLC ("Equifax"), EXPERIAN INFORMATION SOLUTIONS, INC. ("Experian"), and TRANS UNION, LLC ("Trans Union"), and alleges the following, upon information and belief:

## PRELIMINARY STATEMENT

 1. Plaintiff Ronald Lattanzio reached an agreement with Defendant Shellpoint Mortgage Servicing during the midst of the Covid crisis to provide him with a temporary forbearance on his mortgage payments. Despite agreeing to provide Plaintiff with a forbearance, Shellpoint reported Plaintiff as late on his payments to each of the major credit reporting agencies in direction violation of the Cares Act, which prohibited such reporting.

1

2.    Plaintiff brings this action against Defendant Shellpoint for violating the FCRA, 15 U.S.C. § 1681s-2(b), by failing to reasonably investigate the  Plaintiff's claim after Plaintiff disputed the reported "late" payments. Defendant Shellpoint wrongfully verified that the late payments as being reported accurately to the consumer reporting agency Defendants who subsequently continued to erroneously report Plaintiff's account as delinquent to his detriment.

3.    Plaintiff brings this action against Defendants Equifax, Experian, and Trans Union (hereinafter collectively referred to as the "CRA Defendants")—the three major national credit reporting agencies—for violating the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681 *et seq.*, and the New York Fair Credit Reporting Act ("NY FCRA"), N.Y. GBL § 380 *et seq.*, by failing to conduct reasonable investigations after Plaintiff disputed the reported late payments.

4.    Plaintiff further alleges that as a direct and proximate result of Defendants' unlawful actions, conduct, and omissions, the erroneous derogatory payment information wrongfully listed on Plaintiff's consumer reports caused him to suffer actual damages including, *but not limited to*, damage to reputation, adverse impact on credit rating, being denied credit and/or being offered credit on inferior terms, in addition to emotional distress, expenditure of time and resources, annoyance, aggravation, and frustration.

5.    Plaintiff brings this action for actual, statutory, and punitive damages, as well as for statutory attorney's fees and costs, pursuant to the FCRA, 15 U.S.C. § 1681 *et seq.*, and the NY FCRA, N.Y. GBL § 380 *et seq.*

## JURISDICTION AND VENUE

6.    The jurisdiction of this Court is conferred by 15 U.S.C. § 1681p.

7.    This Court has diversity jurisdiction over the state law claims pursuant to 28 U.S.C. § 1332,

as well as supplemental jurisdiction of the state law claims asserted herein pursuant to 28 U.S.C. § 1367(a).

8.  Venue is properly laid pursuant to 28 U.S.C. § 1391(b).

## PARTIES

9.  Plaintiff, a natural person, is a resident of the State of New York, and borough of Manhattan, and qualifies as an individual "consumer" within the meaning of both the FCRA and the NY FCRA. See 15 U.S.C. § 1681a(c); N.Y. GBL § 380-a(b).

10.  Defendant Equifax is a Georgia corporation, duly authorized and qualified to do business in the State of New York. Equifax qualifies as a "consumer reporting agency" within the meaning of both the FCRA and the NY FCRA. See 15 U.S.C. § 1681a(f); N.Y. GBL § 380-a(e).

11.  Defendant Experian is an Ohio corporation, duly authorized and qualified to do business in the State of New York. Experian qualifies as a "consumer reporting agency" within the meaning of both the FCRA and the NY FCRA. See 15 U.S.C. § 1681a(f); N.Y. GBL § 380-a(e).

12.  Defendant Trans Union is a Delaware corporation, duly authorized and qualified to do business in the State of New York. Trans Union qualifies as a "consumer reporting agency" within the meaning of both the FCRA and the NY FCRA. See 15 U.S.C. § 1681a(f); N.Y. GBL § 380-a(e).

13.  Defendant Newrez LLC dba Shellpoint Mortgage Servicing is a Pennsylvania corporation, duly authorized and qualified to do business in the State of New York. Newrez qualifies as a "furnisher of information" as contemplated by the FCRA, 15 U.S.C. §§ 1681s-2(a) and (b), that regularly and in the ordinary course of business furnishes information to one or more consumer reporting agencies about consumer transactions or experiences with any consumer.

## FACTUAL BACKGROUND

14.  Plaintiff obtained a mortgage with Defendant Shellpoint in or around November 2017. Plaintiff  made all payments on the account in a timely manner prior to the Covid crisis.

15.   During Covid Plaintiff and Shellpoint entered into a forbearance agreement whereby Shellpoint agreed to allow Plaintiff to temporarily defer his monthly payments.

16.  Pursuant to the Cares Act, Shellpoint was thereby prohibited from reporting Plaintiff as "late" on his mortgage payments to the credit reporting agencies.  See 15 USC § 1681(a)(1)(F).

17.  Despite this prohibition, Defendant Shellpoint reported Plaintiff as up to 180 days late on his mortgage payments from January through August 2021.

18.  In the two years prior to the filing of this Complaint Plaintiff has repeatedly disputed the manner in which Shellpoint reported the subject account via the three credit reporting agency Defendants.

19.  Plaintiff is informed and believes that each of the credit reporting Defendants forwarded Plaintiff's disputes to Shellpoint who initially agreed to remove the late notation from Plaintiff's credit reports.

20.  However, Shellpoint thereafter decided to "re-insert" the late payments on Plaintiff's credit reports.

21.  The Defendant credit reporting agencies' each allowed Shellpoint to reinsert the late payments onto Plaintiff's reports without a certification from Shellpoint that the information was complete and accurate as required the FCRA.

22.  The credit reporting agency Defendants' each also failed to notify Plaintiff that they were

reinserting the disputed and previously removed late payments in the manner required by the FCRA.

23.  Plaintiff once again disputed the late payments when they re-appeared on his credit reports via the credit reporting agency Defendants. Shellpoint refused to adequately investigate Plaintiff's disputes and kept the inaccurate late payments on Plaintiff's credit reports.

24.  Each of the credit reporting agency Defendants failed to reasonably and independently investigate Plaintiff's disputes, and instead merely parroted the results of Shellpoint's dispute responses.

25.  As of this date each of the defendant credit reporting agencies continues to inaccurately report the Shellpoint "late" payments, destroying Plaintiff's otherwise stellar credit profile.

26.  Plaintiff has suffered harm as a result of Defendants' conduct here.  The inaccurate derogatory information wrongfully listed on Plaintiff's consumer reports damaged his credit rating and led to him being denied credit and/or offered credit at a worse rate, and caused Plaintiff significant emotional distress and damage to his reputation, adverse impact on credit rating, expenditure of time and resources, annoyance, aggravation, and frustration.

## **FIRST CAUSE OF ACTION**
### VIOLATION OF THE FCRA
### Against All Defendants

27.  Plaintiff repeats and realleges each and every allegation set forth above as if reasserted and realleged herein.

28.  Defendants Equifax, Experian, and Trans Union each prepared, compiled, issued, assembled, transferred, published, and otherwise reproduced numerous consumer reports regarding the Plaintiff, as that term is defined in the FCRA.  See 15 U.S.C. § 1681a(d).

29.  Such reports erroneously included inaccurate and misleading payment information associated with the subject Shellpoint account.

30.  Defendants Equifax, Experian, and Trans Union willfully (or, in the alternative, negligently) violated 15 U.S.C. § 1681i(a)(5)(B)(i) by reinserting the previously deleted Shellpoint late payments without receiving a certification from Shellpoint that the information was complete and accurate.

31.  Defendants Equifax, Experian, and Trans Union willfully (or, in the alternative, negligently) violated 15 U.S.C. § 1681i(a)(5)(B)(ii) by reinserting the previously deleted Shellpoint late payments without notifying Plaintiff that the information was being reinserted into his file within five business days of the reinsertion.

32.  Defendants Equifax, Experian, and Trans Union willfully (or, in the alternative, negligently) violated 15 U.S.C. § 1681i(a)(5)(C) by failing to adopt reasonable procedures designed to prevent reappearance of information previously deleted from the consumer's file.

33.  Defendants Experian, Equifax and Trans Union willfully (or, in the alternative, negligently) violated 15 U.S.C. § 1681i by failing to conduct reasonable reinvestigations of the Plaintiff's multiple disputes of the erroneous and derogatory payment information associated with the subject Shellpoint account.

34.  Defendants Equifax, Experian, and Trans Union willfully (or, in the alternative, negligently) violated 15 U.S.C. § 1681i(a)(4) by failing to review and consider all relevant information submitted by the Plaintiff regarding his disputes.

35.  Defendants Experian, Equifax and Trans Union willfully (or, in the alternative, negligently) violated 15 U.S.C. § 1681i(a)(5) by failing to delete or modify the disputed inaccurate and

misleading payment information associated with the subject Shellpoint account from the Plaintiff's file after failing to verify the completeness and accuracy of that information.

36. After receiving notification of the Plaintiff's disputes from Experian, Equifax and Trans Union, Defendant Shellpoint willfully (or, in the alternative, negligently) violated 15 U.S.C. § 1681s-2(b) by failing to conduct reasonable reinvestigations of Plaintiff's multiple disputes of the false and misleading information associated with the subject account, and by failing to review all relevant information regarding Plaintiff's disputes thereof.

37. Defendant Shellpoint willfully (or, in the alternative, negligently) violated 15 U.S.C. § 1681s-2(b)(1)(B) by failing to review all relevant information purportedly provided by the consumer reporting agency Defendants in conducting its reinvestigations of the subject account.

38. Accordingly, Defendants are thus liable to the Plaintiff for actual, statutory, and punitive damages in an amount to be determined by the trier of fact, as well as for the Plaintiff's litigation costs and reasonable attorney's fees incurred as a result of Defendants' FCRA violations, pursuant to 15 U.S.C. §§ 1681n and 1681o.

## <u>SECOND CAUSE OF ACTION</u>
VIOLATION OF THE NY FCRA
Against Defendants Equifax, Experian, and Trans Union Only

39. Plaintiff repeats and realleges each and every allegation set forth above as if reasserted and realleged herein.

40. Defendants Equifax, Experian, and Trans Union each prepared, compiled, issued, assembled, transferred, published, and otherwise reproduced numerous consumer reports regarding the Plaintiff, as that term is defined in the NY FCRA.  <u>See</u> N.Y. GBL § 380-a(c)(1).

41. Such reports erroneously included inaccurate and misleading payment information

associated with the subject Shellpoint account.  Defendants knew, or should have known, that the reports contained such inaccurate information, in violation of N.Y. GBL § 380–j(a)(3).

42.  Defendants Experian, Equifax and Trans Union willfully (or, in the alternative, negligently) violated N.Y. GBL § 380-f by failing to conduct reasonable reinvestigations of the Plaintiff's multiple disputes of the erroneous and derogatory payment information associated with the subject Shellpoint accounts.

43.  Defendants Experian, Equifax and Trans Union willfully (or, in the alternative, negligently) violated N.Y. GBL §§ 380-f(b) and (d) by failing to delete or modify the disputed information regarding the subject Shellpoint account from the Plaintiff's file after failing to verify the completeness and accuracy of that information.

44.  Defendants Equifax, Experian, and Trans Union willfully (or, in the alternative, negligently) violated N.Y. GBL §§ 380-f(b) and (d) by failing to delete or modify the disputed information regarding the subject Shellpoint account from the Plaintiff's file after failing to verify the completeness and accuracy of that information.

45.  Defendants each published credit reports regarding the Plaintiff on multiple occasions containing the erroneous and derogatory payment information associated with the subject accounts and the subject Shellpoint account, causing the Plaintiff to suffer harm as more fully described above.

46.  Accordingly, Defendants are thus liable to Plaintiff for actual and punitive damages in an amount to be determined by the trier of fact, as well as for the Plaintiff's litigation costs and reasonable attorney's fees, pursuant to N.Y. GBL §§ 380-l and 380-m.

47.  Plaintiff is thus further entitled to an injunction requiring the CRA Defendants to remove the

erroneous and derogatory payment information associated with the subject Shellpoint account from the Plaintiff's respective credit files, and to implement policies and procedures designed to ensure future compliance with the NY FCRA and prevent similar errors from occurring in the future.

**THE PLAINTIFF DEMANDS A JURY TRIAL ON ALL CAUSES OF ACTION ASSERTED HEREIN.**

Dated: May 13, 2025

                                        Respectfully submitted,

                                        _____
                                        Kevin C. Mallon
                                        Mallon Consumer Law Group, PLLC
                                        238 Merritt Drive
                                        Oradell, NJ. 07649
                                        (917) 734-6815
                                        kmallon@consmerprotectionfirm.com
                                        *Attorneys for the Plaintiff*